VEGUILLA, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 534.—Decided June 22, 1922.

RECORD OF TITLE—IDENTITY OF PROPERTIES—DESCRIPTION OF PROPERTY.—In this case the registrar refused to record a possessory title to a property on the ground that there was recorded in the registry another property of the same area in the same ward and municipality with the same northern boundary, and one of the properties being bounded on the east and the other on the south by property of Salomé Meléndez; and also because the petitioner recently acquired the property sought to be recorded by purchase from Juan Rosario Veguilla who, judging from his name, seems to be a son of the owner of the recorded property from whom he may have acquired it. *Held:* That the registrar's doubt was reasonable and well founded and therefore his decision was correct. *Díaz* v. *Registrar*, 16 P. R. R. 261.

The facts are stated in the opinion.

*Mr. M. Guzmán Texidor* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the Registry of Property of Guayama there has been recorded since the year 1913, under number 1685, a property described as follows:

"Parcel of land composed of 8 acres, equivalent to 3 hectares, 14 ares and 43 centiares, situated in the ward of Cercadillo of the municipality of Cayey and bounded on the north by the Lapa river; on the south by lands of Salomé Meléndez; on the east by land of

Aurelio Veguilla, and on the west by land of Salustiano Santiago. It contains a frame-house built of native lumber and roofed with thatch.''

The second and last record of this property was made in 1914 in favor of Francisco Rosario y Rosario, married to Pascasia Veguilla, by title of purchase.

In August of 1921 Aurelio Veguilla instituted proceedings to establish possession of a property which he had purchased three months before from Juan Rosario Veguilla and which he described as follows:

"Parcel of land composed of 8 acres situated in the ward of Cercadillo of the municipality of Cayey and bounded on the north by the Lapa river; on the south by land of Juan Colón González; on the east by land of Salomé Meléndez, and on the west by land of Aurelio Veguilla.''

When Aurelio Veguilla presented in the registry for record the possessory title judgment which he obtained for this property the registrar refused to record it and from that decision the present appeal was taken.

The registrar's decision reads as follows:

"Record of the preceding possessory title judgment is hereby denied because the property sought to be recorded seems to be, and there is a reasonable doubt whether it may not be, the same property recorded in the registry under number 1685 at folio 113 of volume 29 of the municipality of Cayey, inasmuch as their areas, the ward, municipality and northern boundaries are the same, as well as the names of some of the other adjoining owners, although at different points of the compass, and the said property No. 1685, which is recorded in the name of Francisco Rosario y Rosario, married to Pascasia Veguilla, may have been acquired from them by Juan Rosario Veguilla, the predecessor in interest of Alfredo (Aurelio?) Veguilla and may be the same that he asks to be recorded; * * *.''

The fact that both properties have the same area, are situated in the same ward of the same municipality, have the same northern boundary and Salomé Meléndez being an ad-

joining owner in both cases, although in one description her property appears to be on the east and in the other on the south, and the fact that appellant Aurelio Veguilla recently acquired the property from Juan Rosario Veguilla who from his full name seems to be a son of the owners of the property recorded and may have acquired it from them, are sufficient to justify the registrar in entertaining a reasonable doubt as to whether it is not sought to record now in the name of the appellant the same property which is already recorded in the name of a third person, and for this reason we can not reverse the decision of the registrar and order the record to be made because, as we said in the case of *Díaz* v. *Registrar*, 16 P. R. R., 261, ''the registrar should deny the record not only when he is fully certain that the right sought to be recorded has already been recorded in the name of a person other than the one who makes the transfer, but also when he has a reasonable and well-founded doubt thereon,'' and it has not been shown that such doubt in this case was unfounded.

The decision appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.